## E. W. TEGART *v.* T. C. McCALEB.

A tutor is only bound to act with reasonable diligence and with good faith in prosecuting suits for his minor. And where he employs counsel, he will not be bound, although, if it had been more skillfully prepared, an opposition, in which the minor was interested, would have resulted more favorably to his interest.

It is not a sufficient reason for imposing upon the tutor expenses which appear to have been incurred by him in good faith, under advice of counsel, that they did not result to the benefit of the minor.

APPEAL from the District Court of West Feliciana, *Sterling*, J. *Ratliff*, for plaintiff and appellant. *U. B. & E. Phillips*, for defendant.

SLIDELL, C. J. (VOORHIES, J., absent.) The plaintiff sued his tutor, *McCaleb*, for an account, and obtained a judgment against him for $1642 32, from which the plaintiff has appealed and contends he is entitled to a larger balance.

The main point urged by the appellant is his alleged right to hold the defendant responsible for not having obtained a larger judgment for his ward against the succession of *Story*, who preceded *McCaleb* in his tutorship. The circumstances were as follows: *Patrick Tegart*, the father of plaintiff and *Joseph Tegart*, died in 1836, and *Edward Story* was appointed tutor of the two minors. *Story* died in 1843, and *McCaleb* was appointed tutor in 1844. He instituted, with reasonable diligence and with the professional aid of Messrs. *Bowman & Mayo*, attorneys and counsellors at law, a suit against the adminis-

34

trator of *Story's* estate to compel an account of the tutorship. An account being filed, *McCaleb*, by his attorneys above mentioned, made an elaborate opposition, which resulted in amendments by the Judge, and a judgment in favor of *McCaleb*, as tutor of the plaintiff and his brother, for an increased sum, to wit: $5230 62. *McCaleb* did not appeal from this judgment, and made efforts to collect it. His diligence in collecting did not, however, appear sufficient to the District Judge, who therefore held him in this suit personally liable for its amount. But the plaintiff is not satisfied with this measure of responsibility, and says *McCaleb* could, by a proper opposition, have obtained a judgment for $7450 34 against *Story's* estate. This result, he argues, would have been attained by a different system of charging interest to the late tutor, and by objecting to *Story's* taking the amount of the annual expenses of the wards out of capital, when it should have been taken out of interest, according to an interest account properly stated, with reference to cash funds received, and that ought to have been received. An examination of the account of tutorship rendered by *Story's* administrator, of the opposition thereto filed by Messrs. *Bowman & Mayo*, as attorneys of *McCaleb*, and of the proceedings and judgment thereon, leads us to the conclusion that an opposition more skillfully prepared, especially with reference to principles of law enforced in the more recent authorities on the subject of tutorship, would probably have resulted in a judgment against *Story's* succession more favorable to the minor's. But this would not necessarily be a just test of the defendant's responsibility. The question should rather be, has the tutor acted with reasonable diligence and good faith in that suit for the minor? Has he acted "as a prudent administrator?" C. C., 327. This, we think, he did. He employed licensed attorneys and counsellors, whose good standing is not questioned, to prosecute the suit for an account; it does not appear that there was any lack of diligence with regard to any assistance he could be expected to render in the way of preparation of evidence and such other matters, in which a client could be expected to aid his attorneys in his own litigations; and if for want of greater acuteness on the part of the attorneys in their proceedings and argument, or from erroneous conclusions on points of law by the Judge, the result has been a smaller judgment in favor of the minors than the rigor of the law would have sanctioned, we do not think the burden should fall on the defendant. See *Baldwin* v. *Bank of Louisiana*, 1 Annual, 13.

This disposes of the main question in this cause, the reconsideration of which seems to have been the principal object of counsel in prosecuting this appeal. With respect to other objections made to details of the account, an examination of the evidence has not satisfied us there is error authorizing a reversal. Several items are disputed which were for expenses incurred in holding family meetings and like proceedings. It is not a sufficient reason for imposing upon the tutor these expenses (which appear to have been incurred in good faith, under advice of counsel) that they did not ultimately result to the benefit of- the minor.

There was a piece of land which appears to have been acquired by *McCaleb* for the benefit of the minors, in part settlement of the claims on *Story's* estate. This acquisition the plaintiff repudiated. As the judgment below allowed him to do so, there should have been a provision in the judgment recognizing the title of this tract, *quoad* the plaintiff's share, to be in the defendant. The appellee has, in his answer to the appeal, prayed an amendment to that effect, to which amendment he is entitled.

It appears *McCaleb* has died since the appeal, and an appearance has been made by his representative, &c.

It is therefore decreed that the judgment of the District Court be so amended as to declare the interest of said plaintiff in the tract of land of 733 arpens, acquired in his behalf by said *McCaleb*, in his capacity of tutor of said plaintiff, to have vested in said *McCaleb* individually, and passed at his death to the said *McCaleb's* succession, and that so amended, the said judgment be affirmed, and be binding upon the succession of said *McCaleb*, represented herein by Mrs. *Lucinda McCaleb*, administratrix thereof, and upon the said Mrs. *McCaleb*, as surviving widow in community, and also as tutrix of the minor children of the said deceased. Costs of appeal to be paid by appellant.